IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| JAMES R. POLAND, | CV 02-1660-BR |
|     Plaintiff, | OPINION AND ORDER |
| v. | |
| MICHAEL CHERTOFF, Secretary of the Department of Homeland Security, | |
|     Defendant. | |


**KEVIN KEANEY**
825 N.E. Multnomah Street
Suite 960
Portland, OR 97232
(503) 232-9280

    Attorney for Plaintiff


1 - OPINION AND ORDER

**KARIN J. IMMERGUT**
United States Attorney
**RONALD K. SILVER**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204
(503) 727-1024

      Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Plaintiff James R. Poland's Cost Bill (#61) and Amended Motion for Attorneys' Fees (#60, #64).

Plaintiff brought this action for age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* The matter was tried to the Court June 28 through July 1, 2004. On November 10, 2004, the Court entered Findings of Fact and Conclusions of Law in favor of Plaintiff on the issue of liability. On March 14, 2005, following further proceedings on the issue of damages, the Court entered Judgment in favor of Plaintiff in the sum of $339,130.75.

For the reasons that follow, the Court grants Plaintiff's Cost Bill in the amount of **$5,220.70** and Amended Motion for Attorneys' Fees in the amount of **$27,843.75**.

**STANDARDS**

1.  **Cost Bill.**

Fed. R. Civ. P. 54(d)(1) provides for an award of costs to the prevailing party. The rule "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). The court's discretion, however, is not unlimited. A district court must specify appropriate reasons for a refusal to award costs. *Id.*

Expenses that may be taxed as costs are enumerated in 28 U.S.C. § 1920 as follows:

> 1) Fees of the clerk and marshal;
> 2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> 3) Fees and disbursements for printing and witnesses;
> 4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> 5) Docket fees under section 1923 of this title;
> 6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Although a district court has broad discretionary power to allow a prevailing party to recoup the costs of litigation, the

court may not tax costs beyond those authorized by 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

**2. <u>Attorneys' Fees</u>.**

The Ninth Circuit has adopted a lodestar/ multiplier approach for assessing the amount of reasonable attorneys' fees when an award is granted pursuant to a statute. *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 434 n.9 (1983)). *See also Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

The lodestar/multiplier involves a two-part analysis. The court first calculates the lodestar amount by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).

To determine the lodestar amount, the court may consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed

or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.  *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

The party seeking the award of fees must submit evidence to support the number of hours worked and the rates claimed.  *Van Gerwen*, 214 F.3d at 1045.  "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'"  *Id.* (citation omitted).

After determining the lodestar amount, the court assesses whether it is necessary to adjust the lodestar upward or downward based on the *Kerr* factors that are "not already subsumed in the initial calculation of the lodestar."  *Morales*, 96 F.2d at 363-64.  The lodestar amount is presumed to be the reasonable fee, "and thus a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or

or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.  *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

The party seeking the award of fees must submit evidence to support the number of hours worked and the rates claimed.  *Van Gerwen*, 214 F.3d at 1045.  "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'"  *Id.* (citation omitted).

After determining the lodestar amount, the court assesses whether it is necessary to adjust the lodestar upward or downward based on the *Kerr* factors that are "not already subsumed in the initial calculation of the lodestar."  *Morales*, 96 F.2d at 363-64.  The lodestar amount is presumed to be the reasonable fee, "and thus a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or

unreasonably high." *Id.* (citations and internal quotations omitted).

**DISCUSSION**

Plaintiff seeks $27,843.75 in attorneys' fees based on 123.75 hours of work at the hourly rate of $225.00 and costs in the amount of $5,220.70. Poland relies on the Oregon State Bar 2002 Economic Survey to determine reasonable hourly rates. An appropriate rate of inflation must be incorporated into the prevailing rate in order to reflect accurately the prevailing rate at the time the award is made. *Bell v. Clackamas County*, 341 F.3d 858 (9th Cir. 2003).

Defendant concedes the reasonableness of the fees and costs. Defendant states the amounts requested by Plaintiff are "characteristic of the professional manner in which plaintiff's counsel prosecuted the action." The Court agrees. In addition, the Court notes the professionalism and skill of counsel for both parties in the prosecution of this action was exemplary. This Court agrees the amounts of Plaintiff's requested attorney fees and Cost Bill are reasonable.

Defendant, nonetheless, asserts there is no provision in the ADEA allowing for an award of attorneys' fees to the prevailing

party in an action against the United States.  Moreover, according to Defendant, Plaintiff is not entitled to attorneys' fees under the EAJA because Defendant's position in this action was "substantially justified."  Defendant also asserts Plaintiff's fee must be based on an hourly rate of $125.00 if the Court determines the position of the United States was not substantially justified.  *See* 28 U.S.C. §§ 2412(b), (d)(1)(A).  Accordingly, the Court must determine whether Plaintiff is entitled to an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

The ADEA authorizes an award of attorneys' fees to a prevailing party in an action against a private sector employer.  "The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures of the [Fair Labor Standards Act, 29 U.S.C. § 216(b)]."  29 U.S.C. § 626(b).  *See also Nowd v. Rubin,* 76 F.3d 25, 28 (1st Cir. 1996).  Although the ADEA does not expressly authorize an award of attorneys' fees to a prevailing party in an action against the United States, the EAJA provides as follows:

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.

> *The United states shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.*

28 U.S.C. § 2412(b)(emphasis added). "Thus, it is entirely consistent with the EAJA's purpose that the United States, *qua* employer, assume responsibility on a 'completely equal footing' with private sector employers in regard to attorney fee awards under the ADEA." *Nowd* 76 F.3d at 28. *See also Newmark, M.D., v. Principi,* 283 F.3d 172, 178 (3[d] Cir. 2002)("[T]he EAJA provides for 'parity' in the allowance of fees against the government in actions in which, by statute, private party defendants are required to pay fees, and since the ADEA is such a fee-shifting statute, § 2412(b) would apply.").

Accordingly, the Court concludes Plaintiff is entitled to an award of attorneys' fees as the prevailing party in this action under the EAJA, 28 U.S.C. § 2412(b). The Court also concludes the award is not contingent on a showing that the government's actions were not substantially justified nor is the amount of the fee limited by an hourly rate of $125.00 because those requirements arise only as to awards made under 28 U.S.C. § 2412(d)(1)(A) and (d)(2)(A).

Accordingly, the Court finds Plaintiff is entitled to recover his attorneys' fees in the amount of **$27,843.75** and costs in the amount of **$5,220.70**.

### **CONCLUSION**

For these reasons, the Court **GRANTS** Plaintiff's Cost Bill (#61) in the amount of **$5,220.70** and Amended Motion for Attorneys' Fees (#60, #64) in the amount of **$27,843.75**.

IT IS SO ORDERED.

DATED this 24th day of May, 2005.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge