IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES R. POLAND, | CV 02-1660-BR |
| Plaintiff, | VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW (On Remand) |
| v. | |
| MICHAEL CHERTOFF, Secretary of the Department of Homeland Security, | |
| Defendant. | |

KEVIN KEANEY
825 N.E. Multnomah Street
Suite 960
Portland, OR 97232
(503) 232-9280

    Attorney for Plaintiff

1 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW (On Remand)

**KARIN J. IMMERGUT**
United States Attorney
**RONALD K. SILVER**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204
(503) 727-1024

       Attorneys for Defendant

**BROWN, Judge.**

Plaintiff brought this action alleging age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 629, *et seq.* This matter is before the Court following remand from the Ninth Circuit to resolve outstanding issues relating to Defendant's unlawful retaliation against Plaintiff after he filed an Equal Employment Opportunity (EEO) complaint.

Plaintiff was employed by Defendant as Resident-Agent-in-Charge of the Portland Office for the United States Custom Service. After he filed an EEO complaint, he was involuntarily transferred to Defendant's office in Vienna, Virginia. He retired several months later.

Following a court trial, this Court rendered a Verdict on November 10, 2004, in favor of Plaintiff. The Court found Defendant retaliated against Plaintiff after he filed an Equal Employment Opportunity (EEO) complaint and constructively discharged him when he resigned to take early retirement following his involuntary transfer to a nonsupervisory position

2 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW (On Remand)

in a different geographic location.  The Court awarded damages of $339,130.75; attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the sum of $27,843.75; and costs of $5,222.70.

On appeal the Ninth Circuit affirmed this Court's finding that Defendant violated the ADEA by retaliating against Plaintiff for filing an EEO complaint.  *See Poland v. Chertoff*, 494 F.3d 1174, 1184 (9th Cir. 2007).  The Ninth Circuit, however, concluded Plaintiff's voluntary resignation and retirement following his transfer to another duty post with reduced job duties and supervisory responsibilities did not constitute a constructive discharge as a matter of law.  The Ninth Circuit, therefore, vacated the damages awarded to Plaintiff because they were based entirely on Plaintiff's constructive-discharge theory.  In addition, the Ninth Circuit remanded the case to this Court to afford Plaintiff "the opportunity to amend his Complaint to seek any remedies available under his retaliation theory."  *Id.* at 1186.

The Ninth Circuit also vacated the awards of attorneys' fees and costs to Plaintiff in the amounts of $27,843.75 and $5,220.70 respectively because "Plaintiff, for the moment, has not obtained any relief on the merits of his claims and is therefore not a prevailing party" under the EAJA.  *Id.* at 1187.  The Court, however, made clear that Plaintiff would be "a prevailing party"

3 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW (On Remand)

if he obtained an award "*of even nominal damages*" on remand.  *Id*. (emphasis added).

Finally, the Ninth Circuit stated "[i]f the district court determines that [Plaintiff] is entitled to any relief on remand, *we instruct* the district court to reinstate its award of attorneys' fees and costs to [Plaintiff]."  *Id.* (emphasis added).

On January 31, 2008, the Court conducted a court trial on remand at which only Plaintiff testified.

## **VERDICT**

The Court has completed its reconsideration on remand of the remedy to Plaintiff for the retaliatory conduct in which Defendant engaged in violation of the ADEA.  The Court finds Plaintiff is not entitled to reinstatement to his former position or a comparable position with Defendant because he voluntarily resigned and was not constructively discharged as a matter of law.  Accordingly, he is not entitled to back pay or to the value of the benefits that he would have accrued if he had not quit his job.

For the reasons that follow, the Court awards Plaintiff **one dollar** in nominal damages, attorneys' fees of **$25,593.75**, and costs **$1,170.70.**  The Court also concludes Plaintiff is entitled

if he obtained an award "*of even nominal damages*" on remand.  *Id*. (emphasis added).

Finally, the Ninth Circuit stated "[i]f the district court determines that [Plaintiff] is entitled to any relief on remand, *we instruct* the district court to reinstate its award of attorneys' fees and costs to [Plaintiff]."  *Id.* (emphasis added).

On January 31, 2008, the Court conducted a court trial on remand at which only Plaintiff testified.

## **VERDICT**

The Court has completed its reconsideration on remand of the remedy to Plaintiff for the retaliatory conduct in which Defendant engaged in violation of the ADEA.  The Court finds Plaintiff is not entitled to reinstatement to his former position or a comparable position with Defendant because he voluntarily resigned and was not constructively discharged as a matter of law.  Accordingly, he is not entitled to back pay or to the value of the benefits that he would have accrued if he had not quit his job.

For the reasons that follow, the Court awards Plaintiff **one dollar** in nominal damages, attorneys' fees of **$25,593.75**, and costs **$1,170.70.**  The Court also concludes Plaintiff is entitled

to equitable relief as specified below.  Finally, the Court will resolve Plaintiff's claim for additional fees and costs pursuant to Fed. R. Civ. P. 54(d).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On January 31, 2008, at the court trial on remand, the parties' focus was on the extent of damages and equitable relief, if any, to which Plaintiff might be entitled based on Defendant's unlawful retaliation against Plaintiff by transferring him from Portland, Oregon, to Vienna, Virginia.

The Court makes the following Findings of Fact pursuant to Federal Rule of civil Procedure 52(a) and Conclusions of law.

1. **Actual Damages**.

As noted, the Ninth Circuit vacated the Court's award of actual damages to Plaintiff after concluding the evidence, as a matter of law, did not support a finding that Plaintiff was constructively discharged.  Moreover, the parties agree the Ninth Circuit's decision that Plaintiff was not constructively discharged forecloses an award of actual damages.  Thus, Plaintiff is not entitled to actual damages.  *See Poland,* 494 F.3d at 1186.  *See also Satterwhite v. Smith*, 744 F.2d 1380, 1381 n.1 (9th Cir. 1984)(an employee who quits his job cannot secure

back pay unless the employer constructively discharged him). *See also Sanchez v. City of Santa Ana,* 915 F.2d 424, 431 (9th Cir. 1990).

**2.    Equitable Relief**.

Plaintiff and Defendant have reached agreement on a variety of measures that Defendant will take to delete any adverse references from Plaintiff's employment records regarding the administrative actions taken by Defendant that underlie Plaintiff's retaliation claim.  The Court adopts these proposals and concludes the final judgment in this matter should require Defendant to implement them.

The parties also agree Defendant should prepare a "Notice of Retaliation/Discrimination" to be sent to persons who played any role, whether as a witness, decision-maker, or otherwise, in the administrative inquiry that underlies Plaintiff's retaliation claim and the subsequent legal proceedings and to persons who have requested employment verification or sought references from Defendant regarding Plaintiff's employment.  Plaintiff, however, also requests the Notice be sent to "all special agents, GS-1811, employed by the legacy U.S. Customs Services during the period April 1999 to February 2000."  Defendant agrees to send the Notice to such agents if Plaintiff provides addresses, but Defendant objects to Plaintiff's request otherwise because it is unduly burdensome.

6 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW (On Remand)

The Court finds Plaintiff's request is reasonable insofar as it may help to restore his reputation with those agents who were his peers and contemporaries during the relevant period. Accordingly, the Court concludes it is appropriate for Defendant to search existing records to locate the current or last known addresses of those agents described in Plaintiff's request and send them the Notice at the addresses that are identified during the search. Again, the final judgment in this matter should include a requirement that Defendant send such notices.

**3.     Compensatory Damages.**

   a.    Economic Damages/Lost Wages/Benefits.

Plaintiff seeks reinstatement to his former position or a comparable position in Portland and an award of "economic damages in the form of lost wages and benefits." The Court, however, concludes Plaintiff is not entitled to reinstatement with an award of back pay and the value of benefits that would have accrued if he had remained employed because Plaintiff was not constructively discharged, but instead voluntarily, albeit reluctantly, resigned under the facts of this case. *See, e.g.*, *Satterwhite*, 744 F.2d at 1381 n.1 (an employee who quits his job is not entitled to reinstatement with back pay unless the employer constructively discharged him). *See also Sanchez,* 915 F.2d 424, 431 (9th Cir. 1990).

7 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW (On Remand)

b. <u>Nominal Damages</u>.

The Ninth Circuit has made clear that nominal damages are appropriate in cases in which the violation of a constitutional right does not produce any actual damages. In *Bernhardt v. County of Los Angeles*, the court stated:

> 'Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.' 'By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights should be scrupulously observed.'

279 F.3d 862, 872 (9th Cir. 2002)(internal citations omitted).

Here Plaintiff failed to prove that he was constructively discharged, but he did establish Defendant's management personnel retaliated against him because in his job he asserted his constitutional and civil rights not to be discriminated against based on age. Plaintiff, therefore, prevailed on that claim. Although Plaintiff is not entitled to actual damages on those grounds, the Court finds the vindication of his right to be free from such discrimination justifies an award of nominal damages.

Accordingly, the Court awards Plaintiff the sum of one dollar as nominal damages.[1]

---

[1] *See* Ninth Circuit Model Civil Jury Instruction 5.6, which limits nominal damage awards to one dollar.

8 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW (On Remand)

4.  **Attorneys' Fees**.

The Court awarded attorneys' fees to Plaintiff in the sum of $27,843.75 for the time counsel reasonably and ably spent proving Defendant retaliated against Plaintiff and attempting to prove that Defendant constructively discharged Plaintiff.  For the most part, counsel's work as to retaliation overlapped with his work as to constructive discharge, and he, therefore, is entitled to all of the fees incurred when his work overlapped.  Defendant points out, however, that Plaintiff's counsel spent 10 hours separately addressing the issue of damages relating exclusively to Plaintiff's constructive-discharge claim.  Accordingly, the Court reduces the previous award by $2,250.00, which results in attorneys' fees of $25,593.75 arising from Plaintiff's retaliation claim.

Defendant also challenges the award to Plaintiff of attorneys' fees related to the appeal.  Plaintiff has not addressed the issue.  In any event, the Court concludes it is premature to raise this issue and that it should be addressed in due course pursuant to Fed. R. Civ. P. 54 (d)(2).

5.  **Costs**.

The Court originally awarded costs of $5,222.70 to Plaintiff.  Defendant asserts $4,052 of that amount was incurred to pay the expert fee of the economist who calculated the value

of Plaintiff's losses resulting from his alleged constructive discharge. The Court agrees with Defendant that the Ninth Circuit's reversal of the Verdict in favor of Plaintiff as to that claim vitiates Plaintiff's right to those costs. Accordingly, the Court concludes Plaintiff is entitled to his costs in the amount of $1,170.70. The Court, however, is mindful that Plaintiff may have incurred additional costs in connection with these remand proceedings, which the Court will address in due course.

## CONCLUSION

In summary, the Court finds Plaintiff is not entitled to reinstatement to his former position or a comparable position with Defendant because he voluntarily resigned and was not constructively discharged as a matter of law. Accordingly, he is not entitled to back pay or to the value of the benefits that he would have accrued if he had not quit his job. The Court finds Plaintiff is entitled to nominal damages of one dollar.

For these reasons, the Court renders the following Verdict in favor of Plaintiff: nominal damages of **one dollar**, attorneys' fees in the amount of **$25,593.75**, and costs of **$1,170.70**, and equitable relief as herein specified.

The parties shall confer and revise the Joint Proposed Equitable Order previously submitted to comply with this Verdict, Findings of Fact, and Conclusions of Law and shall submit a revised form of judgment no later than March 31, 2008.

IT IS SO ORDERED.

DATED this 20th day of March, 2008.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge